*E-Filed 2/28/14*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH EDWARD BARAJAS, | No. C 13-1469 RS (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| DR. ROBERT BIGGS, et al., | |
| Defendants. | |

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. The original complaint was dismissed with leave to amend. After having reviewed the amended complaint pursuant to 28 U.S.C. § 1915A(a), the Court DISMISSES the complaint.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and

dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that medical staff at Salinas Valley and Soledad State Prisons were deliberately indifferent to his serious medical needs when they incorrectly diagnosed cancer, a diagnosis which led to the allegedly unnecessary removal of his thyroid gland. The facts as alleged are these. In October 2011, plaintiff underwent a thyroid biopsy. The diagnosis was "no cancer." (Am. Compl., Ex. G at 2.) In February 2012, the thyroid was again tested. The diagnosis was "thyroid cancer." (*Id.*) In consequence, plaintiff's thyroid was surgically removed. Tests on the removed thyroid showed no indications of cancer. (*Id.*)

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not

only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* Consequently, in order for deliberate indifference to be established, there must exist both a purposeful act or failure to act on the part of the defendant and harm resulting therefrom. *See McGuckin v. Smith*, 974F.2d 1050, 1060 (9th Cir. 1992).

Plaintiff has not stated a claim for relief under § 1983. His allegations, even if taken as true, fail to show the treatment was "medically unacceptable under the circumstances" and that defendants embarked on this course "in conscious disregard of an excessive risk to [plaintiff's] health." *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (citations omitted). Rather, defendants, based on the results of the second thyroid biopsy, reasonably believed that plaintiff's thyroid showed indications of cancer. On such facts, defendants took reasonable steps to treat and improve what they reasonably believed was plaintiff's medical condition. This does not constitute a showing that defendants knew that plaintiff faced a risk of serious harm and failed to take steps to abate it.

Plaintiff describes actions (such as not ordering a third biopsy) that might constitute at worst negligence or gross negligence, neither of which constitutes deliberate indifference. *See Farmer*, 511 U.S. at 835–36 & n.4. Accordingly, this civil rights action is DISMISSED without prejudice to plaintiff pursuing in state court any claims he may have under state law. The Clerk shall enter judgment in favor of all defendants as to all claims, and close the file.

**IT IS SO ORDERED**.

DATED: February 28, 2014

RICHARD SEEBORG
United States District Judge